# UNITED STATES DISTRICT COURT
## R THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW KUTLOSKI,

                    Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                    Defendant.

CIVIL ACTION

No. 08-0075

## OPINION

March **26**, 2009,

 Plaintiff Matthew Kutoloski challenges the final decision of the Commissioner of Social Security, Michael J. Astrue, denying plaintiff's claim for Child Insurance Benefits ("CIB") and supplemental security income ("SSI") under Title XVI of the Social Security Act. This court referred Kutoloski's complaint to United States Magistrate Judge Timothy R. Rice for a report and recommendation ("R&R"). On September 11, 2008, Magistrate Judge Rice filed an R&R recommending that this court affirm the decision of the Administrative Law Judge ("ALJ") in this social security appeal. Doc. No. 11. On September 18, 2008, petitioner Matthew Kutoloski filed objections to the R&R. Doc. No. 12. On September 30, 2008, respondent Michael J. Astrue filed a response to plaintiff's objections. Doc. No. 13.

 I have reviewed the record pursuant to 28 U.S.C. § 636(b)(1) and *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), and, for the reasons below, I will adopt the Report and Recommendation as to all parts other than Part II.D. I adopt the Report and Recommendation as to its exposition of the procedural history and factual setting of the

case,[1] and as to its statement of the legal standard for reviewing the determinations of the Administrative Law Judge ("ALJ") (Part I). I also agree with, and adopt, the bulk of the R&R's legal conclusions, namely those found in Parts II.A, II.B, and II.C. However, I am not in agreement with the R&R's conclusion, found in Part II.D of the R&R, that the ALJ adequately considered the testimony of Kutoloski's parents, and I will remand this matter to the Commissioner for further review.

The relevant facts in this case are set out in Judge Rice's R&R and need not be repeated here in great depth. This is the second time that plaintiff's case has been before this court for review. In 2006, this court approved and adopted an R&R (also written by Judge Rice) remanding this case on the grounds that 1) the ALJ impermissibly relied solely on Global Assessment of Functioning ("GAF") score reports to reach the determination that plaintiff could perform his relevant past work; 2) substantial evidence did not support the ALJ's conclusion that the treating psychiatrist's reports were inconsistent with his own treatment notes; 3) the ALJ failed to analyze the severity of plaintiff's Attention Deficit Hyperactivity Disorder ("ADHD"); and 4) the ALJ failed to address the testimony of plaintiff's parents.

After remand, the ALJ has again determined that Kutoloski is not entitled to benefits. The ALJ concludes that Kutoloski suffers from the severe impairments of bipolar disorder, anxiety, and ADHD. AR 246. The ALJ finds that Kutoloski retains the residual functional capacity ("RFC") to perform a variety of jobs with the following nonexertional limitations: no detailed instructions and limited contact with the public. AR 249. The ALJ also finds, *inter alia,* that 1) petitioner cannot perform his relevant past work, but 2) based on the testimony of a vocational expert ("VE"), jobs exist in the national economy for an individual with Kutoloski's RFC. AR 252-53.

Unlike the first ALJ opinion in this case, the ALJ's opinion on remand does not rely at all on GAF scores and cites to a contradictory medical opinion in support of its determination that plaintiff has an RFC different than that opined by his treating physician, Dr. Norris. Comparing the opinion of Dr. Schlegel, plaintiff's psychotherapist, to that of Dr. Norris, the ALJ writes on remand:

> These two reports, written just over two months apart, present two quite different pictures of the claimant's condition. The claimant's therapist [Dr. Schlegel] described him as compliant, stable, and abstinent, in a report elicited to help keep the claimant out of prison. The claimant's psychiatrist [Dr. Norris] described him as having an unstable and labile mood, in a report

---

[1] These sections of the R&R are not divided into enumerated parts. The exposition of the procedural history and the statement of the factual setting of the case are titled "Background" and "Factual History," respectively. *See* R&R at 3-13.

elicited to help him get disability benefits.

AR 250. The ALJ also finds on remand that plaintiff suffers from severe ADHD. The ALJ's decision on remand thus addresses the first three concerns enumerated by this court in its 2006 order remanding this case.[2]

However, plaintiff is correct that, although the ALJ recites the testimony of plaintiff's parents, the ALJ fails to properly explain his consideration of that testimony. In *Burnett v. Commissioner of Social Sec. Admin.*, 220 F.3d 112 (3d Cir. 2000), the Third Circuit explained:

> In making a residual functional capacity determination, the ALJ must consider all evidence before him. *See Plummer,* 186 F.3d at 429; *Doak v. Heckler,* 790 F.2d 26, 29 (3d Cir.1986). Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence. *See Plummer,* 186 F.3d at 429; *Cotter,* 642 F.2d at 705. "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter,* 642 F.2d at 705.

220 F.3d at 121. The ALJ's opinion describes the testimony of plaintiff's parents, but the opinion never discusses what weight it accords that testimony. Kutoloski's parents testified that plaintiff takes "a break after a few minutes" when working at home and "loses interest and focus in activities, after a short time." AR 251. Because the ALJ never mentions how he factored this testimony into his RFC determination, this court cannot assure itself that the ALJ actually considered and weighed that testimony.

The R&R takes the view that "[b]y expressly describing Kutoloski's parents' testimony, and noting the disability determination was made 'after careful consideration of the evidence, as a whole,' R. at 252, the ALJ comported with the remand directive."

---

[2] Plaintiff contends that the court below did not comply with "this court's weighing of the pre-remand evidence." *See* Plaintiff's Brief and Statement of Issues in Support of His Request for Review at 7 (Doc. No. 7, filed April 9, 2008). However, as Judge Rice notes, federal courts "are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder." *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002) (citing *Williams v. Sullivan,* 970 F.2d 1178, 1182 (3d Cir.1992)). Thus, factual conclusions made by a district court in a remand order neither a) bind an ALJ on remand, nor b) warrant consideration by a district court when reviewing an ALJ's factual findings following remand.

R&R at 26. I respectfully disagree. "The Third Circuit has directed that '[w]here competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence,' and explain a rejection of the evidence." *Beckett v. Leavitt*, 555 F. Supp. 2d 521, 529 (E.D. Pa. 2008) (Dubois, J.) (citations omitted). The ALJ has done nothing more than to restate Kutoloski's parents' testimony and to make a general statement that the ALJ considered all the testimony presented. The ALJ's treatment of that testimony is therefore inadequate.

While Judge Rice may be correct that Kutoloski's parents' testimony "supports the limitations in the RFC requiring jobs with no detailed instructions and limited contact with the public," R&R at 26, this court has no way of knowing, from the ALJ's opinion, whether that testimony might also support additional limitations. Kutoloski's parents' testimony never mentions either instructions or contact with the public; it instead focuses on the plaintiff's need for breaks and his inability to work continuously. The inability to work without breaks and to retain focus for more than "a short time" is a serious work limitation that could quite plausibly be connected to plaintiff's ADHD. It is unclear from the text of the ALJ's opinion why a limitation of this nature, having been suggested by plaintiff's parents' testimony, did not find its way into the ALJ's RFC determination.

For the above-stated reasons, I will remand this case for further review. An appropriate order and, because the court remands pursuant to sentence four of 42 U.S.C. § 405(g),[3] *see Kadelski v. Sullivan*, 30 F.3d 399, 402 (3d Cir. 1994), a separate judgment accompany this opinion.

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTHEW KUTOLOSKI,

                    Plaintiff,

     v.

MICHAEL J. ASTRUE,

    Commissioner of Social Security
    Administration,

                 Defendant.

CIVIL ACTION

No. 08-0075

## ORDER

**AND NOW**, this 26 day of March, 2009, after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice and the entire record, and for the reasons stated in the accompanying Opinion, **IT IS ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED** as to all but Part II.D (entitled "The ALJ considered the testimony of Kutoloski's parents");

2. The Recommendation of the Magistrate Judge that this court affirm the final decision of the Commissioner is **NOT ADOPTED**;

3. Plaintiff's Motion in Support of Request for Review is **GRANTED** insofar as plaintiff requests that the matter be vacated and remanded;

4. The final decision of the Commissioner denying disability benefits to Matthew Kutoloski is **VACATED**; and

-6-

5.   The matter is **REMANDED** to the Commissioner, pursuant to
sentence four of 42 U.S.C. § 405(g),[4] for further proceedings
consistent with the portions of Magistrate Judge Rice's Report and
Recommendation adopted by this Order and the additional
discussion set forth in this court's Opinion accompanying this Order.

BY THE COURT:

Pollak, J.

---

[4] Because the remand is pursuant to sentence four of § 405(g), a separate judgment
shall also be entered.  *See Kadelski v. Sullivan*, 30 F.3d 399, 402 (3d Cir.1994); *Shalala v.
Schaefer*, 509 U.S. 292, 296-98 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 101-02
(1991).