# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW KUTOLOSKI,<br><br>                Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | CIVIL ACTION<br><br>No. 08-0075 |

## **MEMORANDUM**

Plaintiff Matthew Kutoloski moves (docket no. 16) for the award of $4,649.88 in attorney's fees and $35.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The commissioner opposes the motion (docket no. 17) on the ground that his position was "substantially justified" within the meaning of 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's supplemental security income ("SSI") case has been before this court twice. In 2006, I approved and adopted a Report and Recommendation ("R&R") issued by United States Magistrate Judge Timothy Rice recommending that plaintiff's case be remanded to the Administrative Law Judge ("ALJ") so that the ALJ could correct several errors in his analysis. After the ALJ denied benefits on remand, plaintiff appealed, and Judge Rice wrote an R&R recommending that judgment be entered for the commissioner.

In March 2009, I approved and adopted that R&R in part – but held that "the ALJ fail[ed] to properly explain his consideration of [the] testimony" of plaintiff's parents. *Kutoloski v. Astrue*, No. 08-cv-75, 2009 WL 812146, at *2 (E.D. Pa. Mar. 26, 2009). Because this failure violated the 2006 remand order, I again remanded the case to the ALJ. This request for fees and costs followed. For the reasons below, I will grant plaintiff's motion in part and deny it in part.

The commissioner's argument against an award of fees is essentially that the ALJ's treatment of the testimony of plaintiff's parents, even if cause for remand, was reasonable. Specifically, the government argues that (1) the ALJ "explicitly discussed the testimony . . . and, therefore, it was evident that the ALJ considered the . . . testimony," (2) "Agency policy" does not require that ALJs expressly explain their reasons for disregarding testimony like that at issue here, (3) "the testimony of Plaintiff's parents . . . merely corroborated what Plaintiff had alleged," but "[t]he ALJ determined that Plaintiff's allegations were not totally credible," and "[b]y inference, this meant that the ALJ found the testimony of Plaintiff's parents was not entirely credible," and (4) "some of this testimony supported the ALJ's [residual functional capacity] determination." Def.'s Br. in Opp'n, at 7-9.

"[T]he burden is on the government to demonstrate that its position was 'substantially justified.'" *Watkins v. Harris*, 556 F. Supp. 493, 498 (E.D. Pa. 1983). Specifically, the commissioner must show that its position has "a reasonable basis in both

law and fact." *Pierce v. Underwood*, 487 U.S. 552, 555 (1988). Thus, "[w]hen the government's legal position clearly offends established precedent . . . its position cannot said to be 'substantially justified.'" *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985). For this purpose, the government's position includes "not only its litigation position but also the agency position that made the lawsuit necessary." *Id.* at 961.

The commissioner has not met his burden. All of the commissioner's arguments, in fact, fail for the same reason: The ALJ's failure to explain his treatment of the testimony of plaintiff's parents was contrary to established Third Circuit precedent. As I noted in considering the merits of plaintiff's second appeal, "although the ALJ recite[d] the testimony of plaintiff's parents, the ALJ fail[ed] to properly explain his consideration of that testimony." *Kutoloski*, 2009 WL 812146, at *2. This failure violated the Third Circuit's directive in *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112 (3d Cir. 2000), that the ALJ "must give some indication of the evidence which he rejects *and his reason(s) for discounting such evidence*," *id.* at 121 (emphasis added) – a requirement that exists because "'[i]n the absence of such indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored,'" *id.* (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). In other words, the ALJ's failure to explain his disregard of the testimony proffered by plaintiffs' parents "clearly

offends established precedent."[1]  It therefore has no reasonable basis in law.

The commissioner's contentions to the contrary are not persuasive.  Because of the established rule in *Burnett* – a rule that the commissioner does not contend was inapplicable to this case – the commissioner's argument that merely discussing the testimony of Kutoloski's parents was sufficient is itself incorrect as a matter of law.  Moreover, the commissioner's argument that the ALJ's actions were reasonable under agency regulations is simply irrelevant: Whether or not the argument is correct, the ALJ's actions were *not* reasonable when compared to the dictates of the Third Circuit.  Further, *Burnett*'s statement that, in the absence of any explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored," 220 F.3d at 121 (internal quotation marks omitted), directly contradicts the commissioner's argument that this court may infer that the ALJ found the parents' testimony incredible.  Finally, whether or not some of the testimony at issue supports the ALJ's determination is beside the point; as I noted in considering the merits of Kutoloski's appeal, "this court has no way of knowing, from the ALJ's opinion, whether [the parents'] testimony might also support additional limitations" on Kutoloski's ability to work.  *Kutoloski*, 2009 WL

---

[1]  The ALJ's failure to explain his non-reliance on the testimony also disregards the language in Judge Rice's 2006 R&R directing the ALJ, in at least three separate places, to "explain his treatment of [the parents'] evidence."  No. 05-cv-5925, Docket No.13 ("2006 R&R"), at 21; *see also id.* at 21-22 ("On remand, the ALJ must explain his consideration of the testimony of Steven and Joan Kutoloski."); *id.* at 22 n.18 ("The ALJ must explain his reasons for discrediting such highly relevant evidence.").

812146, at *3. It is precisely this kind of information that the 2006 remand order invoked *Burnett* in order to elicit. In short, the government's legal position in this case was not reasonable, and plaintiff's motion will be granted insofar as it seeks an award of attorney's fees.[2]

The commissioner also contends that plaintiff should not receive the requested $35.00 in costs because that sum was not spent on items listed in 28 U.S.C. § 1920, as incorporated by 28 U.S.C. § 2412(a)(1). The commissioner is correct as to plaintiff's request for $25.00 in postage costs, the reimbursement of which is "'disallow[ed]'" by the Third Circuit's interpretation of section 1920. *Neena S. ex rel. Robert S. v. Sch. Dist. of Phila.*, No. 05-cv-5404, 2009 WL 2245066, at *10 (E.D. Pa. July 27, 2009) (quoting *In re Penn Cent. Transp. Co.*, 630 F.2d 183, 191 (3d Cir. 1980)). The cost of photocopies "necessarily obtained for use in the case" is, by contrast, expressly recoverable under 28 U.S.C. § 1920(4). The commissioner's argument that photocopies are not reimbursable under the statute is therefore in error, and plaintiff will be awarded $10.00 in photocopying costs. *See, e.g.*, *Robert S.*, 2009 WL 2245066, at *11.

---

[2] While the commissioner notes that this court "agreed with, and adopted, the 'bulk' of the [R&R's] legal conclusions recommending that substantial evidence supports the ALJ's decision," Def.'s Br. in Opp'n, at 7, he does not argue that the government's position was substantially justified because its other positions were justified. I therefore do not consider whether or not plaintiff's fee application should be denied because the commissioner's position was "justified in the case as a whole." *Corona v. Barnhart*, 431 F. Supp. 2d 506, 513 (E.D. Pa. 2006).

**ORDER**

**AND NOW**, this 20th day of January, 2010, upon consideration of plaintiff's Motion for Award of Attorney's Fees Pursuant to 28 U.S.C. § 2412 (docket no. 16) and defendant's response thereto (docket no. 17), it is hereby **ORDERED** as follows:

(1) Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. The motion is denied as to plaintiff's request for $25.00 in postage and mailing costs and is otherwise granted; and

(2) Plaintiff's counsel, Eric J. Fischer, Esq., is hereby awarded attorney's fees in the amount of $4,649.88 and costs in the amount of $10.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

BY THE COURT:

/s/Louis H. Pollak
Pollak, J.